```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ANDRE MILLS,

                Plaintiff,              ORDER
                                        12-CV-3256(JS)(GRB)
        -against-

1st DISTRICT COURT, SUFFOLK COUNTY,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:      Andre Mills, Pro Se
                    357049
                    Suffolk County Correctional Facility
                    69 Yaphank Avenue
                    Yaphank, New York 11980[1]

                    1586 E. Forks Road
                    Bayshore, NY 11706

For Defendant:      No Appearance
```

SEYBERT, District Judge:

Before the Court is the Complaint of incarcerated pro se plaintiff Andre Mills ("Plaintiff") against the 1st District Court, Suffolk County ("Defendant") filed pursuant to 42 U.S.C. § 1983, accompanied by an application to proceed in forma pauperis. Upon review of Plaintiff's declaration in support of the application, the Court finds that Plaintiff's financial status qualifies him to file this action without prepayment of the filing fee. Accordingly, the application to proceed in forma pauperis is

---

[1] The Court notes that Plaintiff has also included 1586 E. Forks Road, Bay Shore, New York, 11706 as his "home address." Accordingly, the Court will send copies of this Order to Plaintiff at this home address and the Yaphank Facility. Plaintiff is reminded that he is obligated to keep his address current with the Court.

granted.  However, for the reasons that follow, the Complaint is <u>sua</u> <u>sponte</u> dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii)-(iii) and 1915A(b).

BACKGROUND

Plaintiff's brief, handwritten Complaint, submitted on the Court's Section 1983 Complaint Form alleges in its entirety that:

> On July 3, 2010 I was arrested . . . [and] arraigned on July 4, 2010 and was asigned [sic] to Wayne J. Donovan of Tilis Law Group. Mr. Donovan put in CPL § 30.30 request for a speedy trial.  On a misdemeanor charge the prosecution had 90 days to communicate their readiness but failed to do so.  92 days past [sic] and Mr. Donovan put in for a dismissal but was denied.  The Court on its own volition went outside the record before it to exclude five days between July 4, 2010 and July 9, 2010 claiming exclusion based on these 5 days being a "period during which I had no counsel though no fault of the Court."  I was ROR in August 2010 and was rearrested on November 6, 2010 for the same thing[].  The Court overlooked the facts on both charges and violated my rights.  After doing 16 months of jail time the charges were dismissed.

Compl. at ¶ IV.  In response to the question on the Court's Complaint Form that asks for a description of any alleged injuries and what medical treatment was required and/or received, Plaintiff claims to have "received treatment for mental health for mental issue do [sic] to the situation.  Emotional, suicidal and mental issues were talked about."  Compl. at ¶ IV.A.  As a result, Plaintiff seeks an unspecified sum as "compensat[ion] for the time

2

I spent in jail." Compl. at ¶ V.

## DISCUSSION

I.  In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is granted.

II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i-iii); 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing

Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949–50, 173 L. Ed. 2d 868 (2009). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949 (citations omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. at 1955).

III. Section 1983

> Section 1983 provides that:
>
> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider

v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right. See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

Here, Plaintiff's sole Defendant is the 1st District Court, Suffolk County. "It is well-settled that a court is not a 'person' within the meaning of § 1983." Thomas v. Bailey, No. 10-CV-0051(RRM)(SMG), 2010 WL 662416, at *1 (E.D.N.Y. 2010) (citing Zuckerman v. Appellate Division, Second Dep't, Supreme Court, 421 F.2d 625, 626 (2d Cir. 1970)). Further, the 1st District Court, Suffolk County is immune from suit under the Eleventh Amendment because it is an arm of the State of New York. Thomas, 2010 WL 662416, at *1, (citing Madden v. Vermont Supreme Court, 8 F. App'x 128, 129 (2d Cir. 2001) (citing Zuckerman, 421 F.2d at 626)); see also Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) (New York state Unified Court System, of which a county court is a part, is an "arm of the State," and therefore entitled to Eleventh Amendment immunity); Manko v. Steinhardt, No. 11-CV-5430 (KAM)(LB), 2012 WL 213715, at *3 (E.D.N.Y. Jan. 24, 2012) (dismissing claim against the Kings County Supreme Court of the State of New York Clerk's Office because it was barred by Eleventh Amendment immunity as an arm of the State of New York). Accordingly, Plaintiff fails to allege a plausible claim and thus his Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(ii)-(iii) and 1915A(b).

5

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is granted, but the Complaint is sua sponte dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(ii)-(iii) and 1915A(b). The Clerk of Court is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:   July   26  , 2012
         Central Islip, New York